COPY

FILED
CLERK, U.S. DISTRICT COURT
OCT 20 2010
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION BY DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2010 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. ED CR 10-00058 VAP |
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 846: Conspiracy and Attempt; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution and Dispensing of a Controlled Substance; 18 U.S.C. § 2(b): Causing an Act to Be Done] |
| CHRISTOPHER HENRY LISTER, CHERISH AMBER DICKERSON, and MARK ROBERT WILKES, | |
| Defendants. | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times material to this indictment:

1. Defendant CHRISTOPHER HENRY LISTER ("LISTER") was a physician assistant licensed in the State of California. Defendant LISTER did business as Lister's Mobile Health Services, located in Hesperia, California.

2. Under California law, the practice of a licensed physician assistant must be directed by a supervising physician. The physician assistant acts as an agent of the supervising

physician.

3. The supervising physician must be available in person or by electronic communication at all times when a physician assistant is caring for patients.

4. The supervising physician must review, countersign, and date a minimum of a ten percent sample of medical records of patients treated by the physician assistant.

5. Under the direction of a supervising physician, physician assistants may perform various medical services, including administering and providing medication to a patient and issuing drug prescriptions. However, the supervising physician remains primarily responsible for the care and treatment of the patient.

///
///
///

COUNT ONE

[21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C)]

A. OBJECT OF THE CONSPIRACY

6. Beginning on a date unknown, and continuing to on or about November 5, 2009, in San Bernardino County, within the Central District of California, and elsewhere, defendants CHRISTOPHER HENRY LISTER ("LISTER"), CHERISH AMBER DICKERSON ("DICKERSON"), MARK ROBERT WILKES ("WILKES") and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally distribute oxycodone, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

7. It is further alleged that at the time of the above-alleged offense, defendant LISTER committed the offense while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose.

B. MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

8. The object of the conspiracy was to be accomplished in substance as follows:

a. Defendant LISTER would obtain prescription pads containing the name and license number of a licensed physician without the physician's knowledge or approval.

b. Defendant LISTER would then write prescriptions for oxycodone and other controlled substances for defendants DICKERSON and WILKES and others knowing that DICKERSON, WILKES and others would then sell either the prescriptions or the oxycodone and other controlled substances.

c. Defendants DICKERSON and WILKES and others would fill the prescriptions written by defendant LISTER at a pharmacy and would then sell the oxycodone and other controlled substances. Sometimes defendants DICKERSON and WILKES would sell prescriptions written by defendant LISTER.

d. Defendants DICKERSON and WILKES would also refer other persons to defendant LISTER and would provide names of other persons to defendant LISTER so that defendant LISTER could write prescriptions for oxycodone and other controlled substances for those persons. As defendant LISTER well knew, sometimes the names provided by defendants DICKERSON and WILKES were false.

e. Defendant LISTER was not acting under the direction or supervision of any licensed physician. None of the medical records of any patients were reviewed by a supervising physician.

C. OVERT ACTS

9. In furtherance of the conspiracy and to accomplish the object of the conspiracy, defendants LISTER, DICKERSON, WILKES and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California and elsewhere, including the following:

a. On or about June 16, 2009, defendant DICKERSON spoke by telephone with an undercover agent ("UC") about the sale of a prescription for oxycodone to the UC by defendant DICKERSON.

b. On or about June 16, 2009, defendant LISTER wrote a prescription in the name of the UC for controlled substances including 60 tablets of oxycodone.

c. On or about June 16, 2009, defendant DICKERSON

sold the prescription for oxycodone and other controlled substances written by defendant LISTER to the UC.

    d.   On or about June 24, 2009, defendant LISTER wrote a prescription in the name of defendant WILKES for 90 tablets of oxycodone.

    e.   On or about June 24, 2009, defendant WILKES sold 50 tablets of oxycodone to a confidential informant ("CI").

    f.   On or about June 25, 2009, defendant DICKERSON spoke by telephone with the UC about the sale of prescriptions for oxycodone to the UC by defendant DICKERSON.

    g.   On or about June 25, 2009, defendant LISTER wrote four prescriptions for oxycodone and other controlled substances.

    h.   On or about June 25, 2009, defendant DICKERSON sold the UC the prescriptions for oxycodone and other controlled substances written by defendant LISTER.

    i.   On or about July 15, 2009, defendant WILKES sold 100 tablets of oxycodone to the CI.

    j.   On or about July 22, 2009, defendant LISTER wrote a prescription in the name of defendant WILKES for 90 tablets of oxycodone.

    k.   On or about August 3, 2009, defendant WILKES sold 90 tablets of oxycodone to the CI.

COUNTS TWO THROUGH SIX

[21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C); 18 U.S.C. § 2(b)]

10. Paragraphs one through nine of this indictment are re-alleged and incorporated herein by reference.

11. Beginning on or about June 16, 2009 and continuing until on or about June 25, 2009, in San Bernardino County, within the Central District of California, and elsewhere, defendant CHRISTOPHER HENRY LISTER, then a licensed physician assistant in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, knowingly and intentionally attempted to distribute and dispense, and attempted to cause the intentional distribution and dispensing of, oxycodone, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), to the following persons:

| COUNT | DATE | NO. PILLS | PERSON |
|---|---|---|---|
| TWO | June 16, 2009 | 60 | B.L. |
| THREE | June 25, 2009 | 60 | M.G. |
| FOUR | June 25, 2009 | 60 | A.A. |
| FIVE | June 25, 2009 | 60 | A.W. |
| SIX | June 25, 2009 | 60 | R.R. |

COUNTS SEVEN THROUGH EIGHTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(b)]

12. Paragraphs one through nine of this indictment are re-alleged and incorporated herein by reference.

13. Beginning on or about May 15, 2009 and continuing until on or about September 29, 2009, in San Bernardino County, within the Central District of California, and elsewhere, defendant CHRISTOPHER HENRY LISTER, then a licensed physician assistant in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, knowingly and intentionally distributed and dispensed, and caused the intentional distribution and dispensing of, oxycodone, a schedule II controlled substance, to the following persons:

| COUNT | DATE | NO. PILLS | PERSON |
|---|---|---|---|
| SEVEN | May 15, 2009 | 90 | E.G. |
| EIGHT | June 12, 2009 | 90 | E.G. |
| NINE | June 19, 2009 | 90 | M.D. |
| TEN | June 24, 2009 | 90 | M.W. |
| ELEVEN | July 16, 2009 | 90 | E.G. |
| TWELVE | July 22, 2009 | 90 | M.W. |
| THIRTEEN | August 24, 2009 | 90 | M.T. |
| FOURTEEN | August 28, 2009 | 90 | M.D. |
| FIFTEEN | September 23, 2009 | 90 | M.D. |
| SIXTEEN | September 28, 2009 | 90 | M.T. |

///

///

| | | | |
|---|---|---|---|
| SEVENTEEN | September 29, 2009 | 90 | E.G. |
| EIGHTEEN | September 29, 2009 | 90 | M.W. |

A TRUE BILL

Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

D.C.K.
Dorothy C. Kim
Dep. Chief, Crim. Div. FOR:

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

SHERI PYM
Assistant United States Attorney
Chief, Riverside Office

JERRY A. BEHNKE
Assistant United States Attorney
Deputy Chief, Riverside Office